# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BRIAN GUENTHER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-cv-00748-NKL |
| BIMBO FOODS BAKERIES DISTRIBUTION, LLC, et al., | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court are Brian Guenther's motion to remand, Doc. 10, International Brotherhood Teamsters Local Union No. 955's motion to dismiss, Doc. 8, and Bimbo Bakeries USA, Inc., Bimbo Foods Bakeries Distribution, LLC, and Craig Haussmann's motion to dismiss, Doc. 13. For the following reasons, Mr. Guenther's motion to remand is granted, and Defendants' motions to dismiss are denied for lack of subject matter jurisdiction.

## I.  Background

On August 15, 2018, Mr. Guenther filed suit in the Sixteenth Judicial Circuit Court of Jackson County, Missouri against defendants Bimbo Foods Bakeries Distribution, LLC, Bimbo Bakeries USA, Inc., the International Brotherhood Teamsters Local Union No. 955, Mr. Haussmann, and five unnamed individuals, nominally referred to in the Petition as John Does 1–5. The Petition alleges that the Bimbo Defendants conspired with the Union to steal Mr. Guenther's exclusive right to sell and distribute Bimbo bakery products to certain retail outlets, a right that Mr. Guenther purchased from Bimbo through an executed bill-of-sale and corresponding Distribution Agreement.

On September 19, 2018, the Union removed the case to federal court, arguing that Mr. Guenther's claims against the Union are preempted by section 301 of the Labor Management Relations Act ("LMRA"), such that federal question jurisdiction exists. Shortly thereafter, Mr. Guenther filed a motion to remand.

## II. Discussion

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Removal to federal court is only proper when the court would have had original jurisdiction had the action initially been filed there. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000). Defendants, as the parties seeking removal and opposing remand, must present facts supporting jurisdiction by a preponderance of the evidence. *Schubert v. Auto Owners Inc., Co.*, 649 F.3d 817, 822 (8th Cir. 2011). Any doubt about the propriety of federal jurisdiction must be resolved in favor of remand. *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

### A. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331 "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). However, "complete preemption" under section 301 of the LMRA "occurs only when a plaintiff's claim itself is [1] based on rights created directly by, or [2] substantially dependent on an analysis of, a collective bargaining agreement." *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998); *Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018) ("A substantially dependent claim under the LMRA is one that

requires the interpretation of some specific provision of a [CBA].") (quotation and alteration omitted). When the meaning of a CBA is not substantially the subject of a dispute, "the bare fact that [a CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994).

There is no CBA setting forth the rights upon which Mr. Guenther has based his claims. Mr. Guenther is not covered by any labor agreement, is not a member of a union, and is not an employee of Bimbo. Rather, his claims are founded on rights created by state law. Consequently, Mr. Guenther's claims may only be preempted by section 301 if interpretation of a specific provision of the CBA between Bimbo and the Union is required. *See Boldt*, 904 F.3d at 590. Thus, as the parties seeking removal and opposing remand on the theory of section 301 preemption, Defendants must show that Mr. Guenther's claims require "interpretation of some specific provision of a [CBA]" to establish federal question jurisdiction. *Boldt*, 904 F.3d at 590; *Markham v. Wertin*, 861 F.3d 748, 755 (8th Cir. 2017) (describing a claim as "substantially dependent on"/"inextricably intertwined" with a CBA when its resolution requires "the interpretation of some specific provision of a CBA").

First, Defendants argue that Mr. Guenther's conversion and malicious trespass claims are preempted by section 301 because the Court would need to analyze the terms of the CBA between the Union and Bimbo to determine whether the Union's conduct was unlawful or improper. However, questions about a defendant's conduct and motives are questions of fact that "do not require interpretation of [a CBA]." *Thomas v. Union Pacific Railway Co.*, 308 F.3d 891, 893 (8th Cir. 2002).

Next, Defendants argue that Mr. Guenther's tortious interference claims are preempted because the CBA between the Union and Bimbo "addresses what types of disruptions of the

3

contractual or economic relationship are allowed." Doc. 19 (Union's Suggestions in Opposition to Plaintiff's Motion to Remand), p. 8. However, to the extent that the CBA is relevant to Defendants' defense, it is still insufficient to confer federal jurisdiction. *Markham*, 861 F.3d at 754; *Bush v. St. Louis Reg'l Convention*, No. 4:16CV250 JCH, 2016 WL 3125869, at *2, n.4 (E.D. Mo. June 3, 2016) ("The Court must be careful to ensure that interpretation of the CBA is required by Plaintiff's claims themselves, and not by a defense injected by Defendant.").

Third, Defendants argue that Mr. Guenther's conspiracy claim is preempted by section 301 because "the alleged 'agreement' and lynchpin of Plaintiff's conspiracy claim is the CBA" between Bimbo and the Union. Doc. 19, p. 9. But this simply conflates a "meeting of the minds" for purposes of establishing a conspiracy, with a contract. The fact that Mr. Guenther alleges that Defendants "agreed and coordinated together and with each other to convert Plaintiff's property . . ." does not necessitate a need to analyze the terms of Defendants' CBA. Doc. 1-1 (Petition), ¶ 200. Insofar as Defendants' alleged conspiracy was memorialized in their CBA, the contract would be void and not one to which section 301 applies. *Rice v. James*, 844 S.W.2d 64, 69 (Mo. Ct. App. 1992); *see also Navarro v. Am. Nat. Skyline Inc. of Mo.*, 998 F.Supp. 2d 833, 836 (E.D. Mo. 2014) ("§ 301 does not grant the parties to a [CBA] the ability to contract for what is illegal under state law") (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985)).

Moreover, Defendants have not identified any "specific provision" of the CBA between Bimbo and the Union requiring interpretation. *See Boldt*, 904 F.3d at 590. Even if the Court were to assume the need to consult Defendants' CBA generally, preemption would not be required. *See Markham*, 861 F.3d at 755 ("'When the meaning of contract terms is not the subject of dispute,' mere reference to or consultation of a CBA 'plainly does not require the claim to be extinguished.'") (citing *Livadas*, 512 U.S. at 124); *Gore v. Trans World Airlines*, 210 F.3d 944,

4

949 (8th Cir. 2000) ("mere need to reference or consult a collective bargaining agreement during the course of state court litigation does not require preemption").

Defendants thus have not met their burden of proving that Mr. Guenther's claims are "inextricably intertwined" or otherwise "dependent upon analysis" of a CBA.  Accordingly, the Court lacks jurisdiction over this matter.

### B. Request for Attorneys' Fees and Costs

In his motion to remand, Mr. Guenther requests payment of just costs, including attorneys' fees pursuant to 28 U.S.C. § 1447(c).  Doc. 11 (Suggestions in Support of Plaintiff's Motion to Remand), pp. 14–15.  In *Martin v. Franklin Capital Corp.* the Supreme Court determined district courts "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." 546 U.S. 132, 141 (2005).  Here, as set forth above, Defendants had an objectively reasonable basis for seeking removal of this matter.  Accordingly, Mr. Guenther's request for an award of costs and fees is denied.

## III. Conclusion

For the foregoing reasons, Mr. Guenther's motion to remand, Doc. 10, is granted.  However, his request for attorneys' fees and costs is denied.  Defendants' motions to dismiss, Docs. 8 and 13, are denied for lack of subject matter jurisdiction.  The case is remanded to the Sixteenth Judicial Circuit Court of Jackson County, Missouri for all further proceedings.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  November 16, 2018
Jefferson City, Missouri